IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

MARKUS CRAWFORD,[1] # N-30639,  )
                                )
           Plaintiff,  )
                                )
vs.                             )   Case No. 12-cv-1079-GPM
                                )
TIM QUIGLEY, MARCUS MARVIN,     )
and UNKNOWN PARTIES,            )
                                )
           Defendants.  )

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Plaintiff, currently incarcerated at Shawnee Correctional Center ("Shawnee"), brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff is currently serving a 20 year sentence for burglary. Plaintiff claims that Defendants violated his due process rights in connection with the hearing on a disciplinary charge filed against him.

More specifically, Plaintiff claims that on May 4, 2012, he received an illegible copy of a ticket written by Ms. Casteel (who is not a defendant in this action) (Doc. 1, p. 7). Because he could not read the document, he was unable to adequately prepare for his disciplinary hearing. Defendants Marvin and Quigley conducted the hearing on May 9, 2012. Plaintiff requested a continuance so that he could prepare a written statement after reviewing the charges. However, Defendant Quigley denied this request after giving Plaintiff a different copy of the ticket (Doc. 1, p. 8). Plaintiff was told to give a verbal statement at the hearing, which he did, telling the Defendants that he had been "set up" on the disciplinary charge after having a dispute with Ms.

---

[1] Plaintiff's name is listed as "Marcus" Crawford by the Illinois Department of Corrections ("IDOC") on its inmate search page. Http://www2.illinois.gov/idoc/Offender/Pages/InmateSearch.aspx (last visited Oct. 29, 2012).

Casteel over law library access when he had a court deadline.

Plaintiff was found guilty of the charges, and was punished with a two-month demotion to C-grade, one-month restrictions on commissary and recreation, and one month of disciplinary segregation (Doc. 8, p. 7).  He asserts there was no evidence to support the finding of guilt.  Further, his version of events was not included in the summary report prepared by Defendants.

Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt threshold review of the complaint.  After fully considering the allegations in Plaintiff's complaint, the Court concludes that this action is subject to summary dismissal for failure to state a claim.

Prison disciplinary hearings satisfy procedural due process requirements where an inmate is provided: (1) written notice of the charge against the prisoner twenty four (24) hours prior to the hearing; (2) the right to appear in person before an impartial body; (3) the right to call witnesses and to present physical/documentary evidence, but only when doing so will not unduly jeopardize the safety of the institution or correctional goals; and (4) a written statement of the reasons for the action taken against the prisoner.  *See Wolff v. McDonnell*, 418 U.S. 539, 563-69 (1974); *Cain v. Lane*, 857 F.2d 1139, 1145 (7th Cir. 1988).  Although Plaintiff insists that he had a right to submit a written statement to the panel pursuant to IDOC regulations and the state administrative code, there is no such guarantee in *Wolff*.  A federal court does not enforce state law and regulations.  *Archie v. City of Racine,* 847 F.2d 1211, 1217 (7th Cir. 1988) (en banc), *cert. denied,* 489 U.S. 1065 (1989).  The denial of Plaintiff's request to submit a written statement does not amount to a constitutional violation.

In addition to the procedural protections in *Wolff*, the decision of the disciplinary hearing board must be supported by "some evidence."  *Black v. Lane*, 22 F.3d 1395, 1402 (7th Cir. 1994).  To determine whether this standard has been met, courts must determine whether the

decision of the hearing board has some factual basis. *Webb v. Anderson*, 224 F.3d 649 (7th Cir. 2000). The fact that there may be conflicts between the evidence offered by the inmate and that of prison staff does not mean that a hearing panel decision lacks factual support. The adjustment committee's final report submitted by Plaintiff includes prison staff's statement of the offense as well as part of Plaintiff's version of events (Doc. 8, p. 7). Based on this information, it cannot be said that the board's decision lacked any factual basis.

Plaintiff correctly points out that, contrary to the provisions of *Wolff*, he was not given 24-hour advance written notice of the charges against him, because his copy of the ticket was unreadable. However, even though Plaintiff was denied one of the procedural protections in *Wolff*, he still may not have an actionable claim. Punishments such as a demotion in grade or commissary restriction do not amount to a constitutional deprivation, even when they are imposed after a flawed hearing process. *See, e.g., Thomas v. Ramos,* 130 F.3d 754, 762 n.8 (7th Cir. 1997). Moreover, a term of disciplinary segregation may not rise to the level of a constitutional deprivation of a liberty interest, depending on the length of disciplinary confinement and the conditions of that confinement. *Marion v. Columbia Corr. Inst.*, 559 F.3d 693, 697-98 (7th Cir. 2009).

When a plaintiff brings an action under § 1983 for procedural due process violations, he must show that the state deprived him of a constitutionally protected interest in "life, liberty, or property" without due process of law. *Zinermon v. Burch*, 494 U.S. 113, 125 (1990). An inmate has a due process liberty interest in being in the general prison population only if the conditions of his or her confinement impose "atypical and significant hardship[s] . . . in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). For prisoners whose punishment includes being put in disciplinary segregation, under *Sandin*, "the key

comparison is between disciplinary segregation and nondisciplinary segregation rather than between disciplinary segregation and the general prison population." *Wagner v. Hanks*, 128 F.3d 1173, 1175 (7th Cir. 1997). The Seventh Circuit has recently elaborated two elements for determining whether disciplinary segregation conditions impose atypical and significant hardships: "the combined import of the duration of the segregative confinement *and* the conditions endured by the prisoner during that period." *Marion*, 559 F.3d at 697-98 (emphasis in original).

The first prong of this two-part analysis focuses solely on the duration of disciplinary segregation. For relatively short periods of disciplinary segregation, inquiry into specific conditions of confinement is unnecessary. *See Lekas v. Briley*, 405 F.3d 602, 612 (7th Cir. 2005) (56 days); *Thomas v. Ramos*, 130 F.3d 754, 761 (7th Cir. 1997) (70 days) ("a relatively short period when one considers his 12 year prison sentence"). In these cases, the short duration of the disciplinary segregation forecloses any due process liberty interest regardless of the conditions. *See Marion*, 559 F.3d at 698 ("we have affirmed dismissal without requiring a factual inquiry into the conditions of confinement").

In the case at bar, Plaintiff was sentenced to only 30 days of disciplinary segregation – which, under the authority referenced in *Marion*, is not a long enough period of time to require factual inquiry into the conditions of segregation. Accordingly, the complaint fails to state a constitutional claim for the conduct of the disciplinary hearing or the resulting punishment. This action shall be dismissed with prejudice.

**Pending Motions**

Because this case shall be dismissed, Plaintiff's motion for appointment of counsel (Doc. 3) is **DENIED**.

The motion for copies and status (Doc. 7) is **GRANTED IN PART AND DENIED IN PART**.  Specifically, the request for a copy of the complaint is **DENIED.**  Copies of documents are mailed to litigants only upon prepayment of the $0.50 per page charge.  *See* 28 U.S.C. § 1914(b); §(4) of The Judicial Conference Schedule of Fees.  Should Plaintiff wish to order a copy of the complaint in this case (Doc. 1), the fee shall be $7.00 for 14 pages.

The request for status is **GRANTED** as follows.  Plaintiff states in the motion that he mailed another distinct complaint along with the complaint filed herein, together in the same envelope.  The Clerk has re-examined all the documents submitted by Plaintiff, and has found that the second complaint referred to by Plaintiff was not filed because it appeared to be a duplicate of the complaint filed herein.  That complaint has now been filed under Case No. 12-1135-MJR, *Crawford v. Quigley*.  Thus, in addition to the instant case, the following other actions have been filed by Plaintiff, and are awaiting threshold review:

*Crawford v. Casteel*, Case No. 12-1094-MJR (filed Oct. 15, 2012);

*Crawford v. Cheeks*, Case No. 12-1096-MJR (filed Oct. 15, 2012);

*Crawford v. Kalaher*, Case No. 12-1101-JPG (filed Oct. 15, 2012);

*Crawford v. Hilliard*, Case No. 12-1102-GPM (filed Oct. 15, 2012);

*Crawford v. Quigley*, Case No. 12-1135-MJR (filed Oct. 30, 2012).

Plaintiff shall receive a copy of the Court's order in each case as soon as the initial review is completed.

## Disposition

For the reasons stated above, this action is **DISMISSED with prejudice** for failure to state a claim upon which relief may be granted.  Plaintiff is advised that the dismissal of this action will count as one of his three allotted "strikes" under the provisions of 28 U.S.C.

§ 1915(g).

Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350 remains due and payable, regardless of the dismissal of the case.  *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

**IT IS SO ORDERED.**

**DATED:** November 19, 2012

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge